

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3742
Re: Automobile Sales Tax levied
by Article VI of House Bill
No. 8, Forty-seventh Legis-
lature.

In your letter of June 23, 1941, you request our opinion in response to the following three questions:

"Should the one per cent tax be paid on a new motor vehicle registered by the dealer in the company's name, such as Johnson Motor Company where said motor vehicle is to be used for demonstration purposes?

"Would the tax be payable on a second hand motor vehicle registered in the dealer's name for demonstration purposes where said motor vehicle had been purchased by the dealer in a trade; that is, where he traded another motor vehicle to John Doe for the total consideration of $1,000, $500 of the amount being in cash and the exchange of John Doe's motor vehicle having a value of $500. John Doe's traded-in car being the one registered by the dealer for demonstration purposes."

In connection with your first two questions it is noted that you do not give us any information concerning what consideration, if any, passes in connection with the transactions inquired about. The tax levied by Article VI of House Bill No. 8, Forty-seventh Legislature, is a tax equal to one per cent of the total consideration paid or to be paid to the seller by the buyer. In Section 3(b) it is provided that "the term retail sale or retail sales as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the ex-clusive purpose of resale and not for use." We answer your

First question by saying that if Johnson Motor Company purchases the automobile in question the tax will have to be paid.  The **vehicle** has not been acquired for the <u>exclusive</u> purpose of resale but is to be used for a time for demonstration purposes, that is in the business of the Johnson Motor Company, before it is sold by the latter.  However, if the company which the Johnson Motor Company represents furnishes this demonstration car without requiring the latter to pay for the same there will be no tax due.  Your second question is answered in the same way.  Clearly the vehicle is not acquired for the exclusive purpose of resale and the tax will be due if a consideration passes in connection with the transfer.

In connection with your third question we direct attention to Section 1 (b) providing that "in all cases of retail sales involving the exchange of motor vehicles the party transferring the title to the motor vehicle having the greater value shall be considered the seller and no tax is imposed upon the transfer of a motor vehicle traded-in upon the purchase price of some other motor vehicle."  The traded-in vehicle mentioned in your third question is thus expressly taken out of the operation of the taxing statute.  The use to which it may be put is immaterial.  That question is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Glenn R. Lewis
                 Assistant

GRL:LM/-pam

APPROVED JUL 11, 1941
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN